UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE NORBOE
    plaintiff
VS.

WELLS FARGO BANK, N.A.
REO PROPERTY ADVISORS, INC.
DAVID HOPKINS and
GARTH J. SPRAGUE
    defendants

Civil Action No. 3:13-cv-00807

JUNE 13, 2013

## MOTION FOR REMAND UNDER 28 U.S.C. § 1447(c)

The plaintiff hereby moves to remand this case back to state court pursuant to 28 U.S.C. § 1447(c), and seeks remand to state court without costs and fees.

In support of this motion for remand the plaintiff George Norboe represents:

1. The basis for Federal jurisdiction appears to be Counts Six and Nine of the plaintiff's complaint. Count Six alleges a violation of the Fair Debt Collection Practices Act, a federal statute, and Count Nine contains allegations that would warrant discovery and a hearing on the determination of a class action.

2. The plaintiff George Norboe seeks to withdraw Count Six, as it adds nothing to his claims not otherwise asserted in Counts One to Five, Seven and Eight.

3. With respect to Count Nine, the plaintiff has determined that the cost to develop a class in this matter would be extremely difficult, expensive, and

1

as a practical matter to him, nearly prohibitive.  The plaintiff would have to resort to discovery and has reconsidered his position concerning Count Nine and seeks to withdraw the same.  Had the matter remained in State Court the plaintiff would have withdrawn Counts Six and Nine.

      4.      Based on the Notice of Removal there are two bases:  Class Action, under which it is admitted that the defendant Wells Fargo has a claim for removal.  28 U.S.C. §1332(d) gives this court original jurisdiction over class actions if the amount in controversy is over five million dollars, regardless of diversity of the subjects, although there appear to be exceptions where the number of potential class members is predominately within Connecticut.  That is not likely in this case.

      5.      The second basis for federal question jurisdiction is under the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq.  Although Wells Fargo in its papers cited the diversity statute, it is clear that they intend to rely on federal question jurisdiction under the Fair Debt Collection Practices Act.

      6.      With both the class action and Fair Debt Collection Practices Act claims removed from the case, there appears to be no basis for jurisdiction of this court, and the matter ought to be remanded, without costs, to State court.

      7.      The plaintiff in this case is still waiting for a complete return from the State Marshal who served the papers, one of which individual defendants had to be served by mail.  Of the remaining defendants, the plaintiffs have not sought their consent to the granting of this motion, as under the circumstances

the plaintiff is representing to the court that he is willing to withdraw Counts Six and Nine, thereby diminishing his claim.

8.	The plaintiff is not unmindful that the amendment of a complaint does not require remand so long as there is a basis for jurisdiction at the time of removal.  The policy underlying this rule is that court's won't allow plaintiffs to manipulate the forum.  *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399, 403-404 (2d Cir. 1963).  Plaintiff intends to impropriety, and is not attempting to manipulate the form.  Plaintiff has already concluded that Counts Six and Nine were to be withdrawn, and if the matter were still pending in State Court plaintiff would already have amended his complaint, as he is entitled to within 30 days of the return date, by deleting those claims.

WHEREFORE, the plaintiff prays that the removed case above captioned be remanded to the Connecticut Superior Court.

<pre>
                              Respectfully Submitted,
                                  THE PLAINTIFF,
                                  GEORGE NORBOE

                         By:   _____/s/_____
                                  William F. Gallagher
                                  Fed. Bar No. ct 04147
                                  The Gallagher Law Firm
                                  1377 Boulevard, P.O. Box 1925
                                  New Haven, CT 06509
                                  Tel (203) 624-4165
                                  Fax (203) 865-5598
                                  His Attorney
</pre>

**CERTIFICATION OF SERVICE**

I hereby certify that on June 13, 2013, a copy of foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

David M. Bizar (ct20444)
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Tel (617) 946-4874
Fax (617) 790-5368
dbizar@seyfarth.com
*Counsel for Defendant Wells Fargo Bank, N.A.*

REO Property Advisors, LLC
923 Route 6A, Unit R
Yarmouthport, MA 02675
*Agent for Service*
*Secretary of State*
*30 Trinity Street*
*Hartford, CT 06106*

David Hopkins
79 Summer Street
New London, CT 06320
*Pro se*

Garth J. Sprague
22075 W. Solano Drive,
Buckeye, AZ 85326
*Pro se*

                                              _____/s/_____
                                              William F. Gallagher